```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

SPENCER FRANCHISE SERVICES                CIVIL ACTION
OF GEORGIA, INC.


VERSUS                                    NO: 13-4688


WOW CAFÉ AND WINGERY                      SECTION: "J"(2)
FRANCHISING ACCOUNT, LLC
```

### ORDER AND REASONS

Before the Court is a *Motion for Partial Summary Judgment for Legal Fees and Expenses* **(Rec. Doc. 112)** filed by Plaintiff, Spencer Franchise Services of Georgia, Inc. ("Spencer"), an opposition thereto **(Rec. Doc. 113)** filed by Defendant, WOW Café and Wingery Franchising Account, L.L.C. ("WOW"), and Spencer's reply memorandum **(Rec. Doc. 177)**. Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **DENIED.**

### PROCEDURAL HISTORY AND BACKGROUND FACTS

This case is before the Court on remand from the United States Court of Appeals for the Fifth Circuit. In June 2007, Spencer and WOW entered into an Area Development Agreement ("ADA"), contemplating the development of WOW-franchised restaurants in Georgia. This agreement contained an attorneys' fees provision, whereby the parties agreed that the "prevailing party" in any

1

litigation that arose between them would be entitled to attorneys' fees. Eventually, Spencer brought a claim against WOW for breach of contract. (Rec. Doc. 1.) WOW counterclaimed against Spencer, also claiming breach of contract. (Rec. Doc. 15). The parties filed motions for summary judgment, which this Court heard with oral argument on July 9, 2014.

At the hearing, the Court dismissed with prejudice Spencer's claims and WOW's counterclaim, and it ordered the parties to prepare a proposed final judgment, including provisions on attorneys' fees and costs. (Rec. Doc. 99). The parties' proposed final judgment, submitted on July 30, provided that each party was to bear its own costs. (Rec. Doc. 103). Spencer stressed that it did not intend to waive any rights, including its right to appeal. *Id.* In accordance with the proposed judgment, this Court entered a final judgment on August 1, 2014, dismissing Spencer's claims and WOW's counterclaims with prejudice, with each party to bear its own costs. (Rec. Doc. 104).

On August 29, Spencer filed a notice of appeal to the Fifth Circuit. (Rec. Doc. 105). Specifically, Spencer appealed "from the Judgment issued by the Honorable Carl J. Barbier on August 1, 2014, dismissing with prejudice its claims based upon the Court's orders of July 9, 2014." In its reply brief in the Fifth Circuit, Spencer did not request reversal of this Court's judgment that each party should bear its own costs. Instead, it requested a reversal of the

2

denial of its motion for summary judgment, a reversal of the granting of WOW's motion for summary judgment, and a reversal of the dismissal of its claims. WOW did not cross-appeal the dismissal of its counterclaim.

After considering the merits, the Fifth Circuit reversed this Court's grant of summary judgment to WOW. (Rec. Doc. 108). Specifically, the Fifth Circuit found that genuine issues of material fact existed as to whether the parties entered into the contract suffering from error, precluding summary judgment. Thus, the Fifth Circuit remanded the case to this Court for a factfinder to determine whether the parties were in error. The Fifth Circuit did not address this Court's determination that each party should bear its own costs.

On remand, Spencer filed the instant motion, seeking a judgment holding WOW liable for Spencer's "damages, costs, and expenses, including reasonable legal . . . fees" incurred in defending against WOW's counterclaim. (Rec. Doc. 112). WOW opposed the motion on November 24, 2015. (Rec. Doc. 113). After obtaining the Court's leave, Spencer filed a reply on December 2. (Rec. Doc. 117).

## PARTIES' ARGUMENTS

Spencer argues that WOW is responsible for Spencer's legal fees and expenses pursuant to the ADA's "prevailing party" clause. In relevant part, the ADA states,

3

> "[I]n the event Franchisor or Developer retains legal counsel to enforce any provision of this Agreement . . . the prevailing party in any proceeding shall be entitled to recover its damages, costs[,] and expenses, including reasonable legal and accounting fees at the trial level and on appeal, as a result of the default or pursuing its remedies at law or under this Agreement . . . ."

(Rec. Doc. 1-1, at 47). The ADA also provided that Louisiana law governed the agreement. Spencer argues that Louisiana law allows parties to contractually agree that one party may be liable for the other's attorneys' fees. Further, Spencer contends that Louisiana law defines "prevailing party" as "a party that is successful in obtaining legal recourse to require the other party to fulfill its 'legal obligations' under the agreement." *See Mon River Towing, Inc. v. Alan D. Alario & Assocs., L.L.C.*, 2007 WL 2071661, at *3 (E.D. La. July 12, 2007). Spencer argues that it was the prevailing party with respect to WOW's counterclaim because it successfully obtained summary judgment in its favor on the counterclaim.

In its opposition, WOW raises four arguments. First, WOW argues that this Court's August 1, 2014 judgment provided that each party was to bear its own costs. As WOW points out, it did not appeal the dismissal of the counterclaim. Thus, it claims that the judgment dismissing the counterclaim is a final judgment, and Spencer cannot seek attorneys' fees in conjunction with the dismissal of the counterclaim. Second, WOW argues that Spencer failed to file a request for attorneys' fees within fourteen days

4

of the entry of the judgment, as provided by Federal Rule of Civil Procedure 54(d)(2)(B).

Third, WOW argues that the ADA is invalid and unenforceable, making the prevailing party clause unenforceable. Finally, WOW argues that Spencer is not the prevailing party under the terms of the ADA. Because Spencer's claims were dismissed along with WOW's counterclaim, WOW argues that Spencer cannot be considered a prevailing party.

In its reply, Spencer asserts that WOW's arguments are contrary to the facts and the law. First, Spencer argues that it appealed "all" of its claims, including the requests for attorneys' fees in its complaint and answer to the counterclaim. While Spencer does not elaborate on this argument, its reply suggests that the Fifth Circuit's reversal of this Court's dismissal of Spencer's claims included a reversal of this Court's order that each party must bear its own costs. Second, Spencer argues that Rule 54(d)(2)(B) does not apply when the basis for the request for attorneys' fees is contractual. Thus, it was not obligated to request attorneys' fees within fourteen days of entry of the judgment.

Third, Spencer points out that WOW previously filed a counterclaim based on the ADA. WOW has never suggested that the agreement was invalid. Finally, Spencer argues that it is the prevailing party. While it may not have prevailed on its claims,

the Court granted Spencer's motion for summary judgment and dismissed the counterclaim with prejudice. Thus, Spencer argues that it is the prevailing party with respect to the counterclaim.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.2d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). The Court will examine the evidence in the light most favorable to the nonmoving party. *Naquin v. Fluor Daniel Servs. Corp.*, 935 F. Supp. 847, 848 (E.D. La. 1996) (citing *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962)). While all reasonable inferences are drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.2d at 1075. A Court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

7

**DISCUSSION**

The district courts have broad discretion to award or deny attorneys' fees. *Maverick Indus., Inc. v. Am. Teleconferencing Servs., Ltd.*, 524 F. Appx. 99, 101 (5th Cir. 2013). Appellate courts review the award or denial of attorneys' fees for abuse of discretion. *Id.* (citing *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000)). A district court abuses its discretion when "its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Id.* (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2001)).

Spencer has failed to show that it is entitled to attorneys' fees as a matter of law. Even if Spencer appealed all of its claims, including its claims for attorneys' fees, Spencer did not pursue this issue on appeal. Spencer's appellate reply brief focused on the validity of the ADA. It did not request a reversal of the Court's order that each party must bear its own costs. Furthermore, the Fifth Circuit did not address attorneys' fees in its judgment. (Rec. Doc. 108).

Notably, the Circuit Court did not consider whether this Court abused its discretion when it ordered each party to pay its own costs. As discussed above, the Fifth Circuit reviews awards or denials of attorneys' fees for abuse of discretion. Without such a finding, it cannot be said that the Fifth Circuit reversed the attorneys' fees provision of the judgment. The Fifth Circuit merely

8

stated that genuine issues of material fact existed, precluding summary judgment on Spencer's claims. While the Circuit stated broadly that it vacated this Court's judgment, it seems the Circuit only vacated the dismissal of Spencer's claims.

Therefore, Spencer's *Motion for Partial Summary Judgment for Legal Fees and Expenses* should be denied.

**RECOMMENDATION:**

Accordingly,

**IT IS HEREBY ORDERED** that Spencer's Motion for Partial Summary Judgment for Legal Fees and Expenses **(Rec. Doc. 112)** is **DENIED**.

New Orleans, Louisiana this 3rd day of December, 2015.

_____
CARL J. BARBIER
UNITED STATES DISTRICT COURT