Case 2:13-cv-04688-CJB-JCW Document 124-2 Filed 04/05/16 Page 1 of 4

Spencer Franchise Services of Georgia, Inc. v. Wow Cafe..., 624 Fed.Appx. 842...

624 Fed.Appx. 842
United States Court of Appeals,
Fifth Circuit.

SPENCER FRANCHISE SERVICES OF GEORGIA, INCORPORATED, Plaintiff–Appellant
v.
WOW CAFE AND WINGERY FRANCHISING ACCOUNT, L.L.C., Defendant–Appellee.

No. 14–31024.
|
Sept. 3, 2015.

**Synopsis**
**Background:** Restaurant franchisee brought action against franchisor who owned restaurant concept, asserting claims for breach of contract, fraud, negligent misrepresentation, and other related claims arising out of area development agreement between parties. The United States District Court for the Eastern District of Louisiana granted summary judgment for franchisor. Franchisee appealed.

**Holding:** The Court of Appeals held that fact issues precluded summary judgment on issue of whether franchisor breached agreement with regard to number of franchises that were required to be developed.

Vacated and remanded.

**Attorneys and Law Firms**

*842 Peter J. Butler, Jr., Esq., Susan F. Drogin, Richard G. Passler, Breazeale, Sachse & Wilson, L.L.P., New Orleans, LA, Beau T. Shrable, Albany, GA, for Plaintiff–Appellant.

Christopher Michael Hatcher, Aldric Charles Poirier, Jr., Blue Williams, L.L.P., Mandeville, LA, for Defendant–Appellee.

Appeal from the United States District Court for the Eastern District of Louisiana, USDC No. 2:13–CV–4688.

Before JOLLY, HIGGINBOTHAM, and DAVIS, Circuit Judges.

**Opinion**

*843 PER CURIAM:[*]

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Plaintiff–Appellant Spencer Franchise Services of Georgia, Incorporated ("Spencer") and Defendant–Appellee WOW Café and Wingery Franchising Account, L.L.C. ("WOW") entered into a contract to develop restaurant franchises in the State of Georgia. Several years later, the parties' business relationship soured, and Spencer filed this suit against WOW.[1]

[1] WOW brought a counterclaim against Spencer, which the district court dismissed. WOW did not cross-appeal.

The district court concluded as a matter of law that the development contract contained a typographical error that rendered the agreement absurd as written. The district court therefore concluded that the parties had committed a "clear mutual error" and ordered the rescission of the contract. As a consequence, the district court entered summary judgment in WOW's favor on all of Spencer's claims. Spencer now appeals. For the following reasons, we vacate the judgment and remand for further proceedings.

I.

WOW Cafes are "American grill"-style restaurants located throughout the United States. WOW owns the WOW restaurant concept, and it authorizes and controls various aspects of brick-and-mortar WOW locations via franchise agreements.

In 2007, Spencer and WOW entered into the "Area Development Agreement" ("ADA") at issue in this case. Pursuant to the ADA, Spencer promised to pay WOW $175,000 up front and open two WOW franchises in Georgia. Spencer also promised to manage and provide support to WOW franchise locations in Georgia, advertise WOW restaurants, and furnish regular reports to WOW regarding the franchises' performance. In return, WOW granted Spencer the exclusive right and option to "establish, operate, and/or provide guidance to multiple WOW Café Franchise businesses" in Georgia, with the exception of two counties in

Case 2:13-cv-04688-CJB-JCW Document 124-2 Filed 04/05/16 Page 2 of 4

Spencer Franchise Services of Georgia, Inc. v. Wow Cafe..., 624 Fed.Appx. 842...

the state. WOW promised not to "establish or operate Wow Café Units" or "grant a franchise" in Georgia to any entity other than Spencer, except as otherwise provided in the ADA. The ADA gave Spencer the right to receive weekly operating fees and royalty payments from Georgia franchise locations; broker fees for newly-opened franchises; and advertising fees.

The dispute in this case revolves around a single word in Article 4.2 of the ADA, which provides in relevant part:

> In addition to Developer's obligation to open its own Franchise Units as described above, **_Franchisor_** shall, at a minimum, sell or cause some third party to sell the number of Franchise Units set forth on the Minimum Development Requirements, which is attached hereto as Schedule 2.[2]

[2] (Bolding and italicization added; underlining omitted.)

Critically, the ADA defines Spencer as the "Developer" and WOW as the "Franchisor." Thus, as written, the ADA obligates WOW—not Spencer—to sell (or cause some third party to sell) a minimum number of franchise agreements.

WOW's business relationship with Spencer began to deteriorate around 2011. WOW claimed that Spencer failed to fulfill its contractual obligation to inspect franchise locations and furnish certain data and reports. Accordingly, WOW mailed *844 Spencer a notice of default. WOW and Spencer also began to dispute the handling of "non-traditional" restaurant locations.[3]

[3] The specifics of the "traditional versus non-traditional locations" dispute are irrelevant to our disposition of this appeal.

In response, Spencer accused WOW of breaching the ADA by failing to sell the minimum number of franchises specified in Article 4.2 and Schedule 2 of the ADA. WOW responded that it had no such obligation under the ADA. According to WOW, the word "**_Franchisor_**" in Article 4.2 is an obvious typographical error; "Franchisor" should instead read "Developer." Thus, claims WOW, Spencer is the entity obligated to sell and open a minimum number of WOW restaurants in Georgia, not WOW. WOW maintains that a major purpose of the ADA was to carry out its business model of having developers such as Spencer commit to sell and open a certain number of restaurants in their exclusive territory.

Spencer, by contrast, maintains that the ADA means what it says. Spencer asserts that WOW, not Spencer, is the entity obligated to sell a minimum number of franchise agreements, as the plain text of Article 4.2 provides. According to Spencer, the contract contemplated that Spencer would provide a substantial initial investment and support for WOW franchises. Spencer contends that the deal would not have been worth the investment unless WOW opened a number of franchises so that Spencer could collect royalties and broker fees from those new restaurants.

Spencer brought this suit against WOW, asserting claims for breach of contract, fraud, negligent misrepresentation, detrimental reliance, breach of fiduciary duty, violation of Georgia's Sale of Business Opportunities Act, and violation of the Louisiana Unfair Trade Practices and Consumer Protection Act. Spencer also claims that it is entitled to an accounting in connection with its breach of contract claim.

Both parties filed multiple cross-motions for partial summary judgment. The district court concluded as a matter of law that the word "Franchisor" in Article 4.2 of the ADA was a typo. The district court believed that the contract would be absurd unless the parties intended that word to be "Developer," such that Spencer, not WOW, had the obligation to sell a minimum number of franchise agreements under the ADA. The district court therefore concluded that the parties had committed a "clear mutual error" and ultimately ordered the rescission of the contract. Because, in the district court's view, none of Spencer's claims could proceed to trial in the absence of an enforceable contract, the district court entered summary judgment in WOW's favor on all of Spencer's claims. Spencer now appeals.

II.

"We review the grant of a motion for summary judgment de novo, applying the same standard as the district court."[4] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] "When considering a motion for summary judgment, the court views all facts and evidence in the light most favorable to the non-moving party."[6]

Case 2:13-cv-04688-CJB-JCW Document 124-2 Filed 04/05/16 Page 3 of 4

Spencer Franchise Services of Georgia, Inc. v. Wow Cafe..., 624 Fed.Appx. 842...

| 4 | *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir.2010) (citing *Threadgill v. Prudential Sec. Grp., Inc.*, 145 F.3d 286, 292 (5th Cir.1998)). |
|---|---|
| 5 | FED.R.CIV.P. 56(a). |
| 6 | *Moss*, 610 F.3d at 922 (citing *United Fire & Cas. Co. v. Hixson Bros., Inc.*, 453 F.3d 283, 285 (5th Cir.2006)). |

*845 III.

WOW raised mutual error as a defense to Spencer's contractual claims. Under Louisiana law, which governs this dispute, "[a] contract is formed by the consent of the parties established through offer and acceptance."[7] Mutual error may vitiate consent,[8] but only when the mutual error "concerns a cause[9] without which the obligation would not have been incurred and that cause was known or should have been known to the other party."[10]

| 7 | LA. CIV.CODE ANN. art. 1927. |
|---|---|
| 8 | *Peironnet v. Matador Res. Co.*, 2012–2292, p. 19 (La.6/28/13); 144 So.3d 791, 807; LA. CIV.CODE ANN. art. 1948. |
| 9 | "Cause is the reason why a party obligates himself." LA. CIV.CODE ANN. art. 1967. |
| 10 | LA. CIV.CODE ANN. art. 1949. |

"When a contract is reduced to writing an error may occur in the drafting of the instrument so that the written text does not reflect the true intention of the parties."[11] "[U]pon proof that the error is mutual, that is, that neither party intended the contract to be as reflected in the writing," a court may either reform the contract to express the parties' true intentions or rescind the contract.[12] The court may consider extrinsic evidence to determine whether a mutual error occurred.[13] Mutual error is a factual, rather than legal, determination.[14]

| 11 | *Peironnet*, 144 So.3d at 809 (quoting Saul Litvinoff, *Vices of Consent, Error, Fraud, Duress and an Epilogue on Lesion*, 50 LA. L.REV. 1, 45–46 (1989)). |
|---|---|
| 12 | *Id.* at 808–10 (quoting Litvinoff, *supra* note 11, at 45–46). |
| 13 | *Id.* at 807 ("While testimonial or other evidence may not be admitted to negate or vary the contents of a writing, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent." (internal quotation marks, brackets, citations, and ellipses omitted)). |
| 14 | *See id.* at 818 ("[W]e must review the record evidence and determine if the jury erred in its factual conclusions regarding mutual error."). |

Based on the summary judgment record, we are persuaded that the district court erred by concluding as a matter of law that it would be absurd to read the Article 4.2 as written. We agree with the district court that, because Article 4.2 is located in the paragraph of the contract that describes the Developer's obligations, it would be logical to replace the word "Franchisor" with "Developer." However, Spencer's interpretation is also plausible. Spencer produced competent summary judgment evidence that the parties intended the ADA to mean what it says. Spencer's sole shareholder submitted a declaration under penalty of perjury describing a discussion he allegedly had with Paul Ballard, a member of WOW, before finalizing the ADA. That declaration suggests that both Spencer and WOW understood that Article 4.2 placed the burden of selling a minimum number of franchises on WOW rather than Spencer.[15]

| 15 | That declaration reads, in relevant part: Mr. Ballard and I discussed whether it would be WOW or Spencer who would be responsible for selling franchise agreements in accordance with the list of "Minimum Development Requirements" set forth on Schedule 2. While we all were in the conference room, Mr. Ballard said that WOW intended that it was WOW's responsibility under the document to sell the franchise agreements in accordance with Schedule 2. Mr. Ballard also said WOW intended that under the document it would be Spencer's responsibility to develop an infrastructure to support the opening and operation of the franchise units that would result from WOW's sale of those franchise agreements. Mr. Ballard also said that WOW intended that the purpose of the provision in the document providing that Spencer would purchase two franchise agreements and promptly open them was to establish that infrastructure for the franchise agreements that WOW would be selling in accordance with Schedule 2.... There is absolutely no way that I would have signed the document but for the statements of Mr. Ballard ... because it would not have been a viable or prudent business decision for Spencer to take on |
|---|---|

Case 2:13-cv-04688-CJB-JCW   Document 124-2   Filed 04/05/16   Page 4 of 4

Spencer Franchise Services of Georgia, Inc. v. Wow Cafe..., 624 Fed.Appx. 842...

> the responsibility of selling 45 traditional franchise agreements for 45 traditional WOW stores over the next 15 years....
>
> One of the main reasons I signed the document was because Mr. Ballard told me that WOW intended that it was WOW's responsibility under the document to sell the franchise agreements in accordance with Schedule 2. Without Mr. Ballard telling me that WOW intended that it was WOW's responsibility under the document to sell the franchise agreements in accordance with Schedule 2, I would not have signed the document.

**\*846** Spencer has also produced competent evidence that, during the five year period after WOW and Spencer entered into the ADA, WOW sold franchise agreements as contemplated by the written text of Article 4.2. In other words, the record contains some evidence that the parties engaged in a course of conduct consistent with the agreement as written. [16]

The summary judgment record also contains evidence that the ADA was based on a template that WOW's legal team drafted and used to create development agreements with developers other than Spencer. The template contains language that is identical to the disputed language of Article 4.2. A factfinder could infer from that evidence that WOW intended Article 4.2 to mean what it says.

Thus, a factfinder should determine whether WOW, Spencer, or both entered into the ADA suffering from error, specifically that "Franchisor" in Article 4.2 should have read "Developer." For these reasons, we vacate the district court's judgment and remand for further proceedings consistent with this opinion.

VACATED and REMANDED.

**All Citations**

624 Fed.Appx. 842

---

[16] WOW disputes that evidence, but that dispute is for the jury to resolve.